**Opinion filed April 4, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00096-CR
_____

## JOHNNY LEE WELLS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,304**

## M E M O R A N D U M   O P I N I O N

The jury convicted Johnny Lee Wells, Appellant, of the offense of capital murder. The State waived the death penalty, and the trial court assessed Appellant's punishment at confinement for life. *See* TEX. PENAL CODE ANN. § 12.31(a) (West 2011) (setting the mandatory punishment at imprisonment for life without parole). We affirm.

On August 24, 1990, the 66-year-old victim was discovered lying dead on the floor of her house. She was the victim of a brutal homicide. The victim's purse was located just under the edge of the bed near her body. The victim's checkbook and her billfold, which contained credit cards, were missing from her purse. DNA testing performed during a cold-case investigation showed that Appellant's blood was on the victim's panties, on an eyeglass case, and on both the

inside and outside of the victim's purse. Appellant was indicted in 2010, almost twenty years after the crime. An inmate who met Appellant in jail in 2007 testified that Appellant had admitted that he broke into the victim's home, stabbed the victim, and sexually assaulted her. According to the inmate, Appellant said that the victim hit him in the nose and that blood from Appellant's nose "got inside of her purse."

In his sole issue on appeal, Appellant complains of error in the jury charge that allowed him to be convicted for causing the death of the victim "by a manner and means unknown" when the manner and means were known. The only authority cited in Appellant's brief is an opinion of the Court of Criminal Appeals that, subsequent to the filing of Appellant's brief, was withdrawn and superseded. *See Sanchez v. State*, 376 S.W.3d 767, 769 (Tex. Crim. App. 2012).

A trial court must deliver to the jury a written charge distinctly setting forth the applicable law and applying the law to the facts adduced at trial. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Sanchez*, 376 S.W.3d at 773; *Gray v. State*, 152 S.W.3d 125, 127–28 (Tex. Crim. App. 2004). In *Sanchez*, the court determined that the inclusion in the jury charge of "the unknown manner-and-means theories for the cause of death" was erroneous because the testimony showed that the cause of death was asphyxia resulting from one of the following: strangling with the hands, covering the mouth and nose, or using a stun gun or from any combination of these. *Id.* at 774. Thus, the evidence presented in *Sanchez* showed that there was "a limited list of known alternatives for the manner and means of the cause of death." *Id.* We note that the error in *Sanchez* was determined to be harmless error. *Id.* at 775–76.

In contrast to the situation in *Sanchez*, the evidence in the present case did not show only a limited list of known alternatives. The facts in the present case are more like those in *Moulton v. State*, No. PD-1889-11, 2013 WL 811482, at *5 (Tex. Crim. App. March 6, 2013), where the court upheld a charge on "unknown manner and means" when the evidence showed that there was "unlimited information that may be unknown, because the crime scene does not point to a conclusive list of possibilities. A limited list of known alternatives does not exist." In *Moulton*, the evidence did not conclusively point to a particular means of asphyxiation. 2013 WL 811482, at *5.

In the present case, the jury was instructed in relevant part to find Appellant guilty of capital murder if it found beyond a reasonable doubt:

> [Appellant] . . . did then and there intentionally cause the death of an individual, namely, Virginia Washelesky, by a manner and means unknown to the Grand Jury

2

or by stabbing or cutting Virginia Washelesky with a deadly weapon, to-wit: an object unknown to the Grand Jury which in the manner of its use and intended use is capable of causing death or serious bodily injury, and [Appellant] did then and there intentionally cause the death of the said individual in the course of committing or attempting to commit the offense of aggravated sexual assault or robbery directed against Virginia Washelesky or burglary of a habitation owned by Virginia Washelesky.

The jury charge essentially tracked the indictment. Appellant filed a pretrial motion complaining of the indictment and subsequently objected to the jury charge. Appellant argued that the language "by a manner and means unknown" was not supported by the evidence because no evidence indicated the "manner or means as anything other than cutting or stabbing other than Dr. Veasey speculating that something else could have happened." The State asserts that the trial court properly charged the jury because there was some evidence that the "manner and means were unknown."

Dr. Sparks P. Veasey, a forensic pathologist, testified that the doctor who performed the autopsy on the victim in 1990, Ralph Erdmann, had since come under major scrutiny for falsifying autopsies, had been convicted and jailed for falsifying an autopsy record, and is no longer a licensed pathologist. Dr. Veasey testified that, when a proper autopsy is not performed, "we can't say that this is the exclusive cause of death." According to Dr. Veasey, exhuming the victim's body twenty years after her death would not have been of benefit to a determination of the cause of death in this case. All of the pictures related to this case were sent to Dr. Veasey, and from those pictures, Dr. Veasey determined without question that the victim "died as a result of homicidal violence" and that "a component of that homicidal violence was sharp force injuries." However, in addition to the sharp force injuries, which appeared to be stab wounds from an unknown object, Dr. Veasey observed a severe contusion on the victim's chin from blunt force trauma. Because Erdmann did not examine the victim's brain and because the pictures do not reveal that Erdmann made any incisions during his autopsy, Dr. Veasey could not definitively determine that other injuries, such as rib fractures or trauma to the head or abdomen, did not contribute to or cause the victim's death. Dr. Veasey was of the opinion that the victim had struggled with her assailant and that she had been sexually assaulted around the time of the attack. Dr. Veasey testified on cross-examination that the sharp force injuries were "[v]ery likely" or "perhaps" the only cause of death but that, based on his experience with Erdmann, "[i]t's unknown to me what else is in the body."

In this case, both of the alternative theories included in the jury charge were supported by the evidence at trial. There was evidence indicating that the victim died from being cut or stabbed by an unknown object. There was also evidence, including Dr. Veasey's testimony that the victim's injuries did not conclusively point to the death as being caused by cutting or stabbing but also pointed to other possibilities, indicating that the manner and means of the victim's death were unknown. We hold that the trial court did not err in charging the jury on the theory of "manner and means unknown." Accordingly, we overrule Appellant's sole issue on appeal.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


April 4, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4